[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13419
Non-Argument Calendar

_____

Agency Nos. A95-899-878
A95-899-879

CARLOS GUERRERO-GOMEZ,
ALEXANDRA RUEDA-ESPINOSA,
NATHALIA ISABEL GUERRERO-GONZALEZ,
ISABELLA GUERRERO-RUEDA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 27, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Carlos Enrique Guerrero-Gomez ("Guerrero"), Alexandra Rueda-Espinosa, Isabella Guerrero-Rueda, and Nathalia Isabel Guerrero-Gonzalez (collectively "the Guerrero family"), all natives and citizens of Colombia, seek review of a final order of the Board of Immigration Appeals ("BIA"). The order dismissed their appeal and affirmed without opinion the Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1] The petitioners argue that the IJ erred in denying asylum, or alternately withholding of removal, because Guerrero suffered past persecution and had a well-founded fear of future persecution. We find that substantial evidence supports the IJ's determination and accordingly, we affirm.

*Background*

The Guerrero family filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, on September 16, 2002. In his application, and during his hearing before the IJ, Guerrero testified that he was afraid of persecution based on an imputed political opinion and alleged the following facts. He claimed that he had previously worked for a company called the Agropecuaria Triana Lloreda Company, which manufactured Bioter, a

---

[1] Because the petitioners did not address the issue of the BIA's denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment, they have abandoned any arguments as to that issue. *Al Najjar v. Ashcroft,* 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

2

chemical used to enhance crop growth. While returning from a sales trip for the company in 2000, he was stopped by guerillas from the Revolutionary Armed Forces of Columbia ("FARC"). They asked him about his product and confiscated it, before letting him leave. Later he received a telephone call from an individual named Luis Maldonado, seeking further information about Bioter. Although Maldonado claimed he was calling pursuant to a referral from a co-worker, Guerrero later learned that this was false. Guerrero and members of his extended family soon began to receive threatening phone calls from FARC. Shortly thereafter, Guerrero was stopped by FARC guerillas again, and they demanded that he provide them with either money or Bioter, and threatened to kill him and his family if he did not comply. Concerned about his safety and that of his family, Guerrero left his job with the company, but he testified that the calls continued and grew more threatening. Guerrero came to the U.S. temporarily to wait out the threats, but when he returned, he found that the threats had not ceased. Guerrero then decided to leave permanently and he and the Guerrero family sought asylum in the United States.

Guerrero stated that he believes that FARC sought to obtain Bioter in order to use it to grow illegal crops. He alleged that his refusal to provide Bioter was probably interpreted as a political gesture against the FARC. He testified that the threats against his family have continued and that although the police in Columbia

3

have offered protection, they will be unable to assist him. He argues that based on the above facts, he established a well-founded fear of persecution based on a protected ground, namely political opinion, and asks us to reverse the IJ's decision.

*Standard of Review*

When reviewing a summary affirmance by the BIA, we treat the IJ's decision as the final agency determination. 8 CFR § 1003.1(e)(4); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's conclusions of law are subject to *de novo* review. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). However, we review the IJ's factual determinations to see if they are supported substantial evidence. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001).

*Discussion*

Under the INA, an asylum seeker has the burden of establishing a well-founded fear of persecution on account of a race, religion, nationality, membership in a particular social group, political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). If an applicant can establish the existence of past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. *See* 8 C.F.R § 208.13(b)(1). If he cannot do so, he must instead demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *See Al Najjar,* 257 F.3d at 1289.

4

Although neither the INA nor the regulations define "persecution," we have held that "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). The threats and harassment suffered by Guerrero while in Columbia do not rise this level and Guerrero thus can not establish past persecution. Additionally, we note that while other Bioter sales representatives have been threatened in the past, none of them have actually been attacked. We accept the IJ's finding that Guerrero's statements were subjectively credible, we therefore find that he cannot demonstrate that his fear of future persecution is objectively reasonable.

Additionally, an applicant is also required to demonstrate that any fear of persecution rests on a statutorily enumerated ground such as a political opinion. *INS v. Elias-Zacarias*, 502 U.S. 478, 482-83, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). Although Guerrero concedes that he was not taking a political position in refusing to assist FARC, he claims that his actions were interpreted as such by FARC and formed the basis for his alleged persecution.

We have previously recognized that an imputed political opinion, whether correctly or incorrectly attributed, may fulfill the requirements of the INA. *Al-Najjar*, 257 F.3d at 1289. However, Guerrero has failed to demonstrate that such

5

an opinion was attributed to him by FARC. Beyond his own speculation, Guerrero did not allege any facts supporting the position that FARC interpreted his refusal as a political gesture. Additionally, we note that FARC demanded either money or Bioter from him. We therefore agree with the IJ that the reported harassment was indicative of simple extortion, rather than a political threat. As we find that substantial evidence supports the IJ's finding that Guerrero did not demonstrate a well-founded fear of persecution on a protected ground, we affirm.

**AFFIRMED.**